IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TONY GIBSON                                                                    PLAINTIFF

vs.                                    Civil No. 1:12-cv-01004

CAROLYN W. COLVIN                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Tony Gibson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to

the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff filed his disability application on June 7, 2010.  (Tr. 12, 110-113).   In his

application, Plaintiff claims to be disabled due to being a "slow learner." (Tr. 127).  Plaintiff alleges

an onset date of June 7, 2010.  (Tr. 12, 110).  This application was denied initially and again upon

reconsideration.  (Tr. 41-42).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

request was granted.  (Tr. 55-71).  Plaintiff's administrative hearing was held on August 1, 2011 in El Dorado, Arkansas.  (Tr. 28-40, 66).  Plaintiff was present and was represented by Denver Thornton at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing.  *Id.*  As of the date of this hearing, Plaintiff was forty-five (44) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008).  (Tr. 30-31).  Plaintiff testified he completed the twelfth grade in high school with "resource classes" but did not graduate from high school.  (Tr. 31).

On October 24, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI.  (Tr. 9-23).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 7, 2010, his application date.  (Tr. 14, Finding 1).  The ALJ determined Plaintiff had the following severe impairments: "borderline intellectual functioning versus mild mental retardation."  (Tr. 14, Finding 2).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14-15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-21, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the ability to perform in a work setting in where interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote, involves few variables and little judgement, and where the supervision required is simple, direct, and concrete.

*Id.*

2

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 21, Finding 5). The ALJ also determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22). The VE testified at the administrative hearing regarding this issue. (Tr. 38-40). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as a night janitor (medium, unskilled) with 12,000 such jobs in Arkansas and 1,300,000 such jobs in the nation. (Tr. 22). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined in the Act from June 7, 2010 (Plaintiff's application date) through October 24, 2011 (ALJ's decision date). (Tr. 22, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5-8). On January 9, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On January 24, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 30, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

## 2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

4

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In his appeal brief, Plaintiff raises one argument for reversal: the ALJ improperly determined his mental impairment did not meet or equal the requirements of Listing 12.05. ECF No. 7. Notably, Plaintiff argues the ALJ erred by failing to even consider whether his mental impairment met or equaled the requirements of this Listing. *Id.* Plaintiff argues that instead of considering Listing 12.05 in determining whether he was disabled, the ALJ only considered Listing 12.02, which applies to organic mental disorders. *Id.* In response, Defendant provides a detailed review of Plaintiff's medical records and argues Plaintiff's mental impairment does not meet or equal the requirements of Listing 12.05. ECF No. 8. After considering the arguments from Plaintiff and Defendant, the Court finds Plaintiff is correct in his argument, and this case must be reversed and remanded.

In the present action, the ALJ determined Plaintiff did "not have an impairment or combination of impairments" that met or medically equaled one of the Listings. (Tr. 14-15, Finding 3). The ALJ then specifically found Plaintiff's mental impairment did not meet or equal the requirements of Listing 12.02. *Id.* The ALJ did not mention or evaluate any of the other Listings. Listing 12.02 only applies to "organic mental disorders."

Notably, in his opinion, the ALJ did not mention Listing 12.05 for mental retardation, and

the ALJ also did not mention any of its subparts (A to D).   Listing 12.05(B) requires a showing of "[a] valid verbal, performance, or full scale IQ of 59 or less" while Listing 12.05(C) requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."

Plaintiff's medical records demonstrate he received a full scale IQ score of "59 or less" during the relevant time period in this case.  Specifically, on September 2, 2010, subsequent to Plaintiff's alleged onset date, Plaintiff's IQ was evaluated by an independent, consultative examiner. (Tr. 198-201).  During that evaluation, Plaintiff was assessed as having a full scale IQ score of 53. (Tr. 199).  Defendant disputes the validity of this IQ score.  ECF No. 8.  Based upon the report, there is some merit to Defendant's claim that this IQ score may not be entirely reliable.  However, while Plaintiff was found to be "guarded and not willing to demonstrate his best effort" during this examination, the examiner also stated she did not think Plaintiff could exceed "the Mental Retardation category," presumably even if he gave his full effort.  *Id.*

Despite these findings and this low IQ score, the ALJ did not even consider in his opinion whether Plaintiff's mental impairment met or medically equaled the requirements of any one of the subparts of Listing 12.05.  As noted above,  Defendant's briefing attempts to provide an "after-the-fact" justification for the ALJ's presumed decision to discount this IQ score.  ECF No. 8.  Defendant notes that the score's validity is in question because Plaintiff was "reluctant to divulge information" during this interview.  *Id.*  Defendant also highlights the fact that during this interview, Plaintiff focused on obtaining SSI and even stated at one point, "I got to pass this to get a check?"  (Tr. 198).

While Defendant makes valid points, these reasons do not excuse the ALJ's entire failure in his opinion to consider this low IQ score and determine whether it establishes that Plaintiff is disabled under Listing 12.05.  Indeed, as Plaintiff notes in his briefing, this Court is bound to the

6

Eighth Circuit's decision in *Chunn v. Barnhart,* 397 F.3d 667 (8th Cir. 2005).  In that decision, the Eighth Circuit reversed and remanded the claimant's case because the *"ALJ did not explicitly reject the psychologist's [consulting examiner's] opinion, much less explain why her opinion should not be relied on." Id.* at 672 (emphasis added).  In *Chunn,* the Eighth Circuit also found it was significant that the ALJ did not state in his opinion if he "even considered" whether the claimant met the requirements of Listing 12.05(C).  *Id.*   This fact is important because the claimant's mental retardation was at issue in that case.  *Id.*

As noted above, even though Plaintiff was possibly malingering during this examination, the examiner still did not think Plaintiff could exceed "the Mental Retardation category." (Tr. 199).  Accordingly, it is at least conceivable that with even his complete effort, Plaintiff's full scale IQ score would have still been very low (such as 59 instead of 53).  Such a low IQ score meets Listing 12.05(B).  Thus, the ALJ was required to at least consider this opinion and whether it establishes Plaintiff's mental impairment meets or medically equals the requirements of any of the subparts of Listing 12.05.  Further, consistent with *Chunn,* if the ALJ determines there are valid reasons for discounting this low IQ score, the ALJ should state them in his opinion.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of February 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE